
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>DANIEL LOPEZ,<br><br>Defendant - Appellant. | No. 13-50538<br><br>D.C. No. 2:07-cr-00856-RGK<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Submitted December 9, 2014[**]

Before:     WALLACE, LEAVY, and BYBEE, Circuit Court Judges.

Daniel Lopez appeals from the district court's judgment and challenges the

24-month sentence imposed upon revocation of supervised release. We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

Lopez contends that the district court erred by failing to calculate the

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

advisory Sentencing Guidelines range on the record. We review for plain error. *See United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010). Although there is no dispute that the error in this case was plain, remand is not warranted because on this record Lopez cannot establish a reasonable probability that he would have received a different sentence in the absence of the error. *See United States v. Dallman*, 533 F.3d 755, 762 (9th Cir. 2008).

Lopez also contends that the district court erred procedurally by failing to explain its sentence adequately, and to consider his arguments in mitigation. Because Lopez preserved this challenge, we review de novo. *See United States v. Delgado*, 357 F.3d 1061, 1071 (9th Cir. 2004). The record reflects that the court considered Lopez's arguments for an 8-month sentence, and the court's explanation of its above-Guidelines sentence was adequate. *See United States v. Carty*, 520 F.3d 984, 992-93 (9th Cir. 2008) (en banc).

Lopez finally contends that his above-Guidelines sentence is substantively unreasonable. We review for abuse of discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The 24-month statutory maximum sentence is substantively reasonable in light of the 18 U.S.C. § 3583(e) sentencing factors and the totality of the circumstances, including Lopez's history of absconding from supervision. *See id.*

**AFFIRMED.**